Cowgill et al. *v.* Long.

WILLIAM M. COWGILL et al., Plaintiffs in Error, *v.* JAMES G. LONG, Defendant in Error.

### ERROR TO MENARD.

It is essential to the validity of a school tax, that it be certified to the clerk on the day designated by law.

The legislature has power to pass an act to remedy defects in the law authorizing taxation for building school-houses, while the tax remains uncollected.

WOODSON, Judge, tried this case at May term, 1853, of the Menard Circuit Court.

Cowgill et al. *v.* Long.

W. H. HERNDON, for plaintiffs in error.

T. L. HARRIS, for defendant in error.

TREAT, C. J.    The 82d section of the "Act to establish and maintain common schools," approved February 12, 1849, provides: "On the first Saturday of May next, and on the first Saturday of May annually thereafter, the inhabitants, legal voters of any school district in this State, may meet together at some convenient place in the district, for the purpose of voting for or against levying a tax for the support of common schools, for building and repairing school-houses, or for other school purposes." It further provides, "that if five of said inhabitants request it, the school directors shall call such meeting, to be holden upon any Saturday." The 72d section requires the district clerk to certify to the county clerk, before the first of July, a correct abstract of the votes, and the amount of money voted to be raised; and makes it the duty of the county clerk, to charge the amount upon the property assessed for taxation in the school district, and enter the same in the tax book.

The 2d section of the "Act to amend the several acts concerning the public revenue," approved February 8, 1849, requires the assessor to return the assessment to the county clerk, by the first Monday of September; and makes it the duty of the county clerk to deliver the tax book to the collector, by the first Monday of November.

On Saturday, the 20th of July, 1850, the inhabitants of a school district in Menard county voted a tax of $500, for the purpose of erecting a school-house in the district; and the district clerk certified the proceedings to the county clerk, on the 15th of October; and the county clerk charged the amount upon the property assessed in the district, and made the necessary entries in the tax book. Cowgill and Frackelten were charged $28.26 on account of this tax; and the collector distrained their property for its payment, on the 14th of May, 1851. They thereupon filed a bill in chancery against the collector, and enjoined him from selling the property distrained.

While this suit was pending, and on the 21st of January, 1853, an act was passed in these words: "That the vote of the inhabitants of school district No. 1, in township eighteen north, of range seven west, in Menard county, and the tax voted by said inhabitants, on the 20th day of July, 1850, are hereby declared to be good, valid, and effectual in law and in equity; and the act of the secretary and chairman, in certifying to the district directors the record of the meeting of said inhabitants on

the day and year aforesaid; and the act of the district clerk, in certifying to the clerk of the county court of said county the abstract of the votes, and the amount of money voted to be raised at said meeting; and the act of the county clerk aforesaid, in computing the tax upon the taxable property of said school district, are hereby declared to be good, legal, and effectual in law, in all respects whatever."

The cause was submitted to the court, on the foregoing state of case, and a decree was entered dissolving the injunction, and dismissing the bill.

The tax might properly have been voted on "any Saturday" in May or June. That term applied as well to the latter as the former month. But the tax was improperly voted in July. It was then too late to have the same charged on the assessment for 1850. A school tax could not be included in the tax book of that year, unless it was reported to the county clerk before the first of July. This provision of the statute is imperative, and in no sense discretionary. It is as essential to the validity of a school tax, that it be certified to the county clerk by the day designated, as it is to the validity of a State and county tax, that the assessment be made and returned within the time limited. If this was the only point in the case, the complainants would clearly be entitled to the relief sought, or if the property seized had been sold, their title would not be divested by the proceedings. See Marsh *v.* Chesart, 14 Ill. 223; Billings *v.* Detten, post, 218.

But this question does not dispose of the case. The effect of the act of the 21st of January, 1853, remains to be considered. The act relates exclusively to this particular tax; and the intention of the legislature cannot be mistaken. It was to cure the defects in voting and charging the tax. And the object was accomplished, if the legislature had power to pass the act. So far as this case is concerned, there can be no reasonable doubt of its authority in the matter. It was clearly competent for the legislature to remedy these defects, while the tax remained uncollected. Laws of this character are often passed to secure the collection of taxes defectively levied, and there can be no serious objection to their validity. When this act was passed, the tax charged against the complainant was unpaid. The proceedings, as to them, were not concluded. It did not, therefore, have the effect to divest their title, and vest it in another. They still had the right to pay the tax, and discharge the levy on their property. If the property has since been sacrificed to pay the tax, it is the result of their own neglect. If the property had been sold prior to the passage of the

act, the case would present a more serious question.  It might then be contended, with some degree of plausibility, at least, that their property had been taken from them by a legislative decree, and transferred to another.

The decree must be affirmed.

*Decree affirmed.*