JAMES H. WILSON, Receiver of the St. Louis and Southeastern Railroad Company

*v.*

HERMAN G. WEBER.

*Filed at Mt. Vernon May 14, 1880.*

TAXATION—*railroad property—distribution among counties.* A railroad tax will not be enjoined because the distribution of its taxable property, other than its local property, among the several counties through which its road runs, was made by the clerk of the Board of Equalization after the adjournment of the board, when it is made on the basis as fixed by the statute, and the

burden on the railway company has not been increased by the apportionment. This is but a ministerial act resting in computation, and does not require the exercise of any discretion.

APPEAL from the Appellate Court for the Fourth District.

Mr. BLUFORD WILSON, and Mr. J. M. HAMILL, for the appellant.

Mr. JAMES K. EDSALL, Attorney General, for the appellee.

Per CURIAM: The main question in this case is determined against the appellant, in the case of *Ohio and Mississippi Railroad Co.* v. *Weber, ante, p.* 443.

The only new question presented in this case relates to the distribution among the counties of the share of each for local taxation in the value of the "rolling stock" and of the "capital stock."

The statute says that distribution shall be made by the board on the basis of the length of main track in each county. It is not denied that the distribution was correctly made, but it is said the board made no order of distribution, and the secretary of the board made the distribution after the adjournment of the board. The law fixes the basis and rule for the distribution, and the amounts to be distributed were duly ascertained. The computations to make the distribution did not require the exercise of any discretion. The service was merely ministerial, and we can not regard the want of a formal order on that subject as good ground in a court of equity to invalidate the tax. The company owes the amount of the tax claimed, and no injunction should be allowed on account of a mere irregularity by reason of which it is not shown that the burden upon the company has at all been increased. It may perhaps have been regarded as one of the implied duties of the secretary.

The decree of the court below must be affirmed.

*Decree affirmed.*