The Ohio and Mississippi Railway Company

*v.*

The Commissioners of Highways.

*Filed at Mt. Vernon June 12, 1886.*

1.   Road tax—*requisites to validity.* It is essential to the validity of a road tax that it shall be levied by the commissioners of highways, and that they shall give the supervisor of the town a statement of the amount necessary to be raised, and the rate per cent, signed by them, or a majority of them, on or before the Tuesday next preceding the annual meeting of the board of supervisors, and that the supervisor shall submit such statement to the board for its action.

2.   Personal action for taxes—*conditions to a recovery—conclusiveness of a judgment against the land.* In an action of debt, to recover the taxes due on forfeited property, the plaintiff must first establish the levy of a valid tax, and then prove it is due on forfeited property; and for the latter purpose the judgment of the county court for the sale of the land is made conclusive evidence. But that judgment is not evidence of the levy of the tax.

3.   The seventh clause of section 224 of the Revenue law, adopted in 1879, declaring the conclusive effect of a judgment against land for taxes as to any defence that might have been made, does not apply to personal actions for the tax itself, but to collateral actions.

Appeal from the Circuit Court of Clay county; the Hon. Carroll C. Boggs, Judge, presiding.

Messrs. Percy & Werner, and Mr. G. Pollard, for the appellant:

It was admitted on the trial, that the county board had not authorized the extension of these road taxes, as required by section 117 of chapter 121. This authority was essential to the validity of the tax. *Leachman* v. *Dougherty,* 81 Ill. 324; *Railway Co.* v. *The People,* 116 id. 232.

But the court held, that the judgment of the county court was conclusive as to the validity of the tax. Such judgment is conclusive only when the owner appears and resists the application. *Belleville Nail Co.* v. *The People,* 98 Ill. 399;

*Gage* v. *Bailey*, 102 id. 11; *Riverside Co*. v. *Howell*, 113 id. 259; *Gage* v. *Pumpilly*, 115 U. S. 454.

Section 226, chapter 120, which provides that the judgment for the sale of real estate for delinquent taxes shall estop all parties from raising any objections thereto, or to a tax title based thereon, has no application to suits to recover the amount due on forfeited property.

Mr. F. G. Cockrell, for the appellee:

Two modes are given for the collection of taxes: First, by sale under judgment *in rem;* and second, by an action at law against the owner of the property *in personam,* which can only be pursued where the other mode has been prosecuted unavailingly to a termination,—that is, to a forfeiture.

The judgment of the county court against the land for this tax is conclusive as to its validity, and estops the land owner from disputing the same. Therefore, the fact that the tax in question was unauthorized, or even void, because not ordered to be extended by the board of supervisors, can not be considered, being *res judicata.*

Per Curiam: This is an action of debt, for certain road taxes, alleged to be due on forfeited property. It was stipulated, on the trial, that the "lists, on the authority of which the county clerk extended these road taxes on the collector's books, were not presented to the board of supervisors of the county, and that said board made no order directing the county clerk to extend said taxes, or to cause the same to be collected, and that the county clerk had no other authority for extending said taxes on the tax books, than the lists of the overseers of roads, as above stated."

We have held in *Leachman* v. *Dougherty*, 81 Ill. 324, and in *Peoria, Decatur and Evansville Railroad Co.* v. *The People*, 116 id. 232, that it was essential to the validity of the tax, that the tax should be levied by the commissioners of high-

ways, and that they should give the supervisors of the town-
ships a statement of the amount necessary to be raised, and
the rate per cent 'of taxation, signed by the commissioners,
or a majority of them, on or before Tuesday next preceding
the annual September meeting of the board of supervisors,
who shall cause the same to be submitted to said board for
their action at such September meeting of said board, etc., as
provided by section 120, chapter 121, of the Revised Statutes
of 1874, page 932. But the court held, that although the
tax was illegally extended, still, inasmuch as the extension
was not objected to in the county court, the rendition of the
judgment in that court is conclusive against the appellant,
and its validity can not be inquired into in this proceeding.
This ruling is predicated upon the seventh clause of section
224 of the amendment to the Revenue law, adopted in 1879,
(Laws of 1879, pp. 253, 254,) whereby it is provided, "that
any judgment for the sale of real estate for delinquent taxes,
rendered after the passage of this act,   *   *   *   shall estop
all parties from raising any objections thereto, or to a tax
title based thereon, which existed at or before the rendition of
such°judgment, and could have been presented as a defence
to the application for such judgment in the court wherein the
same was rendered; and as to all such questions the judgment
itself shall be conclusive evidence of its regularity and validity
in all collateral proceedings, except in cases where the tax or
special assessments have been paid, or the real estate was not
liable to the tax or-assessment." But the suit here is on the
tax itself. It is for the amount of the tax due on forfeited
property. Revenue act, sec. 232, chap. 120, (2 Starr & Cur-
tiss,) p. 2105; *The People* v. *Winkelman,* 95 Ill. 412; *Big-
gins* v. *The People,* 96 id. 381; *The People* v. *Davis,* 112 id.
272; *Bowman* v. *The People,* 114 id. 474. Necessarily, there-
fore, the first thing incumbent on the plaintiff is, to establish
the levy of a valid tax, which, we have seen, has not been
done in the present instance. Had the levy of a valid tax

been established, the next step would have been to prove that it was due on forfeited property, and, for that purpose, the judgment would have been conclusive evidence.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*