The Ohio and Mississippi Railway Company

*v.*

The People *ex rel.* John L. Black, Collector.

*Filed at Mt. Vernon January 25, 1887.*

1.  Road tax—*as distinct from the "road and bridge tax."*   The road tax provided for in section 83 of the act of 1883, relating to roads and bridges, is a separate and distinct tax from the road and bridge tax mentioned in section 119 of the Road and Bridge act, and the provisions of the latter section have no bearing upon the question of the validity of a tax levied under the former.

2.  Same—*entry of record as to levy of road tax—omission to make the entry at the time—omission supplied by amendment afterwards.*   The fact that the county clerk failed to enter upon the record of the county board an order for the levy of district road taxes at the September meeting, at which time the levy was actually made, but amended the record at the December meeting, by order of the board, so as to show the levy in September, the amendment being before the delivery of the tax books, will not invalidate such tax, the informality not affecting the substantial justice of the same.

3.  Same—*levy of road tax upon railroad track—of the valuation, apportionment, etc.*   The county clerk is not required to distribute the valuation of railway track, as fixed by the State Board of Equalization for the preceding year, in each road district, as the basis for the levy of the road district taxes thereon.   He is only required to distribute such valuation in each of the *towns* in his county through which such track is located.   The word "districts," in section 110 of the Revenue act, refers to school districts, which are mentioned in sections 81 and 82 of the same act, and has no reference to road districts.

4.  The commissioners of highways, in making the lists of taxable property for the several road districts in their towns, should specify the number of feet of railroad track in each district, and its valuation in the preceding year. Having obtained the length and valuation of such track in their town from the county clerk, they can apportion the same between the several districts over which such track runs.

5.  Such district valuation will bear the same proportion to the town valuation, as the length of the track in the district bears to the whole length of the track in the town. This apportionment does not require the exercise of any discretion. The service is merely ministerial. Any error in such apportionment not affecting the substantial justice of the tax is not material.

6.  There is nothing in the statute which requires the commissioners of highways to give the number of acres as well as the number of feet contained in the railroad track in each road district.

7.  SAME—*of the description of railroad track.* A delinquent list filed on application for judgment against a railroad track for road district taxes, described the property as follows: "Ohio and Mississippi Railroad Company railway track: A strip of land extending on each side of said railway track, and embracing the same, together with all the stations and improvements thereon, commencing at the point where said railway crosses the northern and eastern boundary line of Clay county, in entering said county, and extending to the point where said track crosses the southern and western boundary line of said county, in leaving the same, containing 594.76 acres; district road tax and back district road tax, for the year 1883-1884, to-wit," giving a statement of the road taxes in seven different townships: *Held,* that the description of the railroad track was in conformity with the requirements of the law.

8.  SAME—*of the judgment.* It is not necessary to render a separate judgment against each separate portion of railroad track located in each separate road district, when the road tax in none of the districts is paid, but the judgment may be against the entire track in the county, for all the taxes levied in the several districts. The whole line of the railroad in the county constitutes but a single and entire property. If any road tax is paid, that part of the road so taxed will not be sold for the road tax due on the track in other road districts.

9.  COLLECTOR'S RETURN—*as evidence of the legality of taxes.* On application for judgment for taxes, the collector's return is *prima facie* evidence of the legality of the tax sought to be collected, and of its due and proper assessment and levy, and that it is due and unpaid; and the burden of proof is on the objector to judgment to show that the tax is not legal and proper.

10.  ROAD DISTRICTS—*change in boundaries.* Although the Road law of 1883 contains no provision for the formation of road districts, as in the act of 1879, it recognizes their existence, and their boundaries may be changed by the commissioners of highways whenever they may consider it proper.

WRIT OF ERROR to the County Court of Clay county; the Hon. G. A. HOFF, Judge, presiding.

Messrs. POLLARD & WERNER, for the plaintiff in error.

Mr. D. C. HAGLE, State's Attorney, and Mr. J. A. BARNES, for the defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

At the May term 1886 of the county court of Clay county, the collector for that county applied for judgment for certain delinquent road taxes. Plaintiff in error filed objections to the application, and the case is brought before us by writ of error for the purpose of reviewing the action of the county court in overruling those objections, and entering judgment against the "railroad track" of the plaintiff in error in said county for certain district road taxes.

The first objection is, that the county clerk had no authority to extend the tax against the Ohio and Mississippi Railway Company in said county, or for any town, or road district therein, as the same is extended, and that the county board never authorized the extension of such taxes by the county clerk on the tax books, as is required by the statute, for any of the road districts in said county. The record of the meeting of the board of supervisors of Clay county in September 1885 shows the following entries: "On motion the county clerk is ordered to extend fifty cents on the $100 worth of property, as a county tax for the year A. D. 1885." "On motion the county clerk is ordered to extend fifty cents on the $100 worth of property as a special railroad tax [and all other taxes certified by the proper authorities] for the year A. D. 1885." On the trial below, the county clerk, who was called, as a witness, by plaintiff in error, testified, that the above words, which are enclosed in brackets, were inserted by him at the December meeting of the board of supervisors in 1885 "at

the suggestion of said board made at said December meeting thereof."

Section 83 of the act of 1883, in relation to "roads and · bridges," (Starr & Curtis' Stat. chap. 121, p. 2161) is substantially the same as was section 16 in the act of 1879 upon the same subject. (Bradwell's Laws of 1879, p. 196.) We. have decided, that the road tax, provided for in section 83, is a separate and distinct tax from the road and bridge tax, mentioned in section 119 of the "Roads and Bridges" act. (Starr & Curtis' Stat. p. 2168; *Mee* v. *Paddock*, 83 Ill. 494; *The People* v. *Suppiger*, 103 id. 434; *Wabash, St. Louis and Pacific Railway Co.* v. *Binkert*, 106 id. 298.) The tax, objected to in this case, is the one, referred to in section 83. Hence the provisions of section 119 have no application, and the references of counsel for plaintiff in error to those provisions have no bearing upon the questions involved.

The 110th section provides, that every overseer of highways shall deliver to the supervisor of his town etc., at least five days previous to the annual meeting of the board of supervisors, the list furnished by the commissioners of highways, containing the land and personal property road tax, with an affidavit, etc. Section 117 provides, that it shall be the duty · of the board of supervisors, etc. to cause the amount of arrear- · ages of the road tax, returned by the overseer of highways, to the supervisors, as provided in section 110, to be levied on the lands returnable, and to be collected in the same manner, that other taxes of the county are levied and collected, etc. Section 121 of the Revenue act (Hurd's Rev. Stat. of 1885, p. 1011) directs, that "the county board of the respective counties shall, annually, at the September session, determine the amounts of all taxes to be raised for county purposes etc."

The sole objection, which we understand counsel to urge against the orders, above quoted, is that the words, "*and all other taxes certified by the proper authorities*," were directed by the commissioners to be inserted in the record at the December

meeting of the board, when they should have been so inserted at the September meeting thereof. This objection does not affect the substantial justice of the tax, and we think it is cured by the 191st section of the Revenue act, which provides, that "no error or informality in the proceedings of *any* of the officers, connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate, or, in any manner affect the tax or the assessment thereof." Similar defects have been held to be obviated by section 191 in the following cases: *Buck* v. *The People*, 78 Ill. 560; *Chiniquy* v. *The People*, id. 570; *Moore* v. *Fessenbeck*, 88 id. 422; *St. Louis, Vandalia and Terre Haute Railroad Co.* v. *Surrell*, id. 535; *Purrington* v. *The People*, 79 id. 11; *Thatcher* v. *The People*, id. 597; *Union Trust Co.* v. *Weber*, 96 id. 346. It does not appear, that the amendment of its minutes by the board was not made before the twentieth day after the first day of December, and, if so, it was made before the books, upon which the amount of the taxes was to be extended, had been delivered by the clerk to the collectors. Rev. Stat. chap. 120, sec. 135.

We do not wish to be understood as holding, that the foregoing orders may not be objectionable on other grounds than that above indicated. We only decide, that the particular objection, made to them by plaintiff in error, is not a valid one.

The next objection, urged against the entry of the judgment, is, that the law required the road tax, in each road district, to be assessed on the lands and railroad property in that district, and that the valuation thereof was not distributed to any of the road districts by the county clerk, as assessed by the board of equalization for the previous year; in other words, that the commissioners of highways assessed the road tax upon a valuation, obtained in some other manner than that directed by the statute.

The statement, made in the objection, is not true as matter of fact. By reference to the record, we notice that the com-

missioners of highways of the towns of Clay City and Louisville have made lists, containing a description of "railroad track," belonging to the Ohio and Mississippi Railway Company in certain specified road districts, "with the valuation thereof set opposite the description of each tract    *    *    * *as equalized by the State Board of Equalization for the previous year.*"

Counsel, however, rely upon the testimony of the county clerk, who says, "that he did not distribute or ascertain the value of the railroad track of the Ohio and Mississippi Railway Company, as assessed by the State Board of Equalization for the purpose of taxation for the year 1884, or any previous year, *in any of the said road districts* in said county of Clay." He does not swear, that he did not distribute or ascertain the value, etc., as assessed, etc. in each of the *towns* in said county. As this was all the law required of him, it will be presumed that he did his duty, there being no proof to the contrary. We do not understand, that the county clerk is obliged to distribute the valuation of the track in each road district.

The State Board of Equalization fixes the value of the whole "railroad track" of each railroad company in the State. The amount, so determined and assessed, is certified by the Auditor to the county clerks. "The county clerks shall, in like manner, distribute the value, so certified to him by the Auditor, to the county and to the several towns, districts, villages and cities in his county, entitled to a proportionate value of such railroad track." (Revenue act, sec. 110.) The word, "districts," as here used, refers to school districts, which are mentioned in sections 81 and 82 of the Revenue act. But even if it was the intention to include other districts besides school districts, we are satisfied, that no reference was here intended to "road districts."

Section 10 of the act of 1879 in regard to roads and bridges in counties under township organization specified, that it

should be the duty of the highway commissioners "to divide their respective towns into so many road districts as they shall deem convenient, by writing, under their hands, to be lodged with the town clerk" etc. (Bradwell's Laws of 1879, p. 194.) The present act of 1883 upon the same subject contains no provision in reference to the formation of such districts, although recognizing their existence in several sections, as in section 90, which provides, that "the commissioners of highways in each town shall appoint as many overseers of highways, as there are road districts in the town." The act of April 1873 in regard to roads and bridges in counties under township organization prescribed the same mode of organizing these districts, as is contained in the act of 1879. It does not seem probable, that the legislature would require the county clerk to distribute the valuation of railroad tracks in districts, whose boundaries were liable to be changed, whenever the highway commissioners should consider it convenient to do so.

Moreover, section 41 of the Revenue act, while requiring each railroad company to file with the county clerk a schedule, showing the length of its tracks in the county, "and in each city, town and village in the county, through or into which the road may run," does not require the length of such track in each road district to be shown.

We conclude, therefore, that the county clerk is only bound, under the statute, to distribute the valuation, as equalized by the State Board, to the various towns in the county, and not to the road districts in such towns.

The commissioners of highways are officers of the town. The town clerk is *ex-officio* clerk of the board of highway commissioners. Under section 83 of the Road law they "shall annually ascertain, as nearly as practicable, how much money must be raised by tax on real and personal property and railroad property known as 'railroad track' and 'rolling stock' for the making and repairing of roads only, to any amount

they may deem necessary, not exceeding forty cents on each $100 worth, as equalized and assessed by the State Board of Equalization for the purposes of taxation for the previous year, and shall levy and assess the same as a road tax against said property."

The 84th section of the Road act provides, that "they shall make a list for each district, containing * * * the name of the owner of any railroad property, known as 'railroad track' and 'rolling stock,' * * * and shall set opposite the name of each owner of railroad property, known as 'railroad track' and 'rolling stock,' the valuation thereof, as assessed by the State Board of Equalization for the purposes of taxation of the previous year, and distributed by the county clerk, and opposite each valuation and assessment they shall extend the road tax assessed thereon in a separate column." When they are required to name the owner of the railroad track in the road district, they may specify how many feet of railroad track in the district is so owned. This they can easily ascertain, as they create the road districts and know their dimensions and boundaries. Having obtained from the county clerk the length of the track in the town and the valuation of the track in the town, they can readily figure the valuation of the track in any one district. Such district valuation will bear the same proportion to the town valuation, as the length of the track in the district bears to the whole length of the track in the town.

"The value of the railroad track shall be listed and taxed in the several counties, towns, villages, districts and cities in the proportion that the length of the main track in such county, town, village, district or city bears to the whole length of the road in this State." (Rev. act. sec. 43.) "Each county, city and town taxes the company on so much of this assessment (fixed by the State board) as the length of the track within that locality bears to the whole length of the track, assessed by the board." State Railroad Tax Cases, 92 U. S. Rep. 575.

The computations of the highway commissioners, made for the purpose of apportioning, among the road districts in the town, the valuation, distributed to the town by the county clerk, do not require the exercise of any discretion; the service is merely ministerial. *Wilson, Receiver,* v. *Weber,* 96 Ill. 454.

The words "distributed by the county clerk," as found in the 84th section, can no more be construed as meaning a valuation distributed to each road district, than the words, "assessed by the State Board of Equalization," can be construed to mean, that the State board assessed the value of the portion of the track, lying in each road district.

It is not shown, nor is it claimed by plaintiff in error, that the tax on its whole track in any one town has been in any way increased by the apportionment of the valuation, upon which the tax is based, among the road districts of the town. The objection, now under consideration, does not, therefore, affect the substantial justice of the tax.

It is further objected, that the highway commissioners did not give the number of acres, as well as the number of feet, contained in the railroad track in each road district. It is sufficient to say, that there is nothing in the law, which required them to do so. While section 42 of the Revenue act names counties, cities, towns and villages, it makes no reference to road districts. Section 84 of the Road act only requires the commissioners to state, in their lists, the names of the owners of the railroad track and the valuation thereof. To determine what portion of the valuation of the whole road, as fixed by the State Board of Equalization, belongs to the counties, towns or any less subdivision of territory, section 43 of the Revenue act provides, that it is necessary to ascertain the proportion of the length of the track in such subdivisions to the whole length of the road in the State, and not the proportion of the number of acres in the one to the number of acres in the other.

Plaintiff in error makes the further objection, that "no application is made for judgment against any particular lands in any of the road districts, of any township in said county, nor have the said lands been advertised as required by law."

On the trial below, the collector offered in evidence the list of delinquent lands, with affidavit of publication, as follows: "Ohio and Mississippi Railway Company railway track: A strip of land, extending on each side of said railway track, and embracing the same, together with all the stations and improvements thereon, commencing at the point where said railway crosses the northern and eastern boundary line of Clay county in entering said county, and extending to the point where said track crosses the southern and western boundary line of said county in leaving the same; containing $594\frac{76}{100}$ acres. District road tax and back district road tax for the years 1883-1884, amounting to . . . . . . . and distributed as follows, to-wit:" (then follows statement of amount of road taxes in seven different townships and affidavit of publisher.) The position of counsel is, that a district road tax, even though regularly assessed against the "railroad track" located in any road district, can not be extended by the county clerk against the entire railroad in the county; that such entire "railroad track" can not be sold for the non-payment of such road tax; that only the land in each district can be assessed for the taxes of such district and only the land that is taxed can be sold or forfeited for such tax. The objection, as applied to the facts and circumstances of this case, is without force.

The description of the railroad track in the delinquent list, as above quoted, conforms to the requirement of section 42 of the Revenue act. The seven townships mentioned therein are the only townships in Clay county, through which the railroad track of plaintiff in error passes. It appears, that plaintiff in error has not paid the road tax, due from it, in any road district in any one of said townships. The road tax is unpaid, as against the whole of its line, that passes through

Clay county. The judgment against the whole track in the county, containing 594$\frac{76}{100}$ acres, is a judgment for all the road taxes due from it in any part of the county. The portion of the track in one road district is not to be sold for the road tax, assessed against the portion of the track in another road district. The whole track in the county is to be sold for all the road taxes that are due therein. If plaintiff in error had proven that it had paid its road tax in any road district, the part of the track in that district would, doubtless, have been excepted from the whole track, against which judgment was rendered, but it did not do so. It was not necessary to render a separate judgment against each separate portion of the track, located in each separate road district. No road tax in any district having been paid, it could do the company no injury to render judgment for the whole tax against the whole track. How the whole tax, when collected, may be apportioned among the different towns or road districts is a matter of no special concern to plaintiff in error. The whole line of the road in the county constitutes a single, entire property. (*Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561.) The delinquent list specifies fully, how the whole tax is to be distributed among the seven towns, and what the proportion is, which is due to each town.

The final objection of plaintiff in error is, "that the labor system has never been adopted in Clay county as required by law, nor in any of said townships." (Act in regard to Roads and Bridges sec. 80 ; Starr & Curtis' Stat. p. 2161.) There is no proof in the record to sustain this objection. The collector's return is *prima facie* evidence of the legality of the tax, and of its assessment and levy, and that it is due and unpaid. (*Chiniquy* v. *The People*, 78 Ill. 570 ; *Pike* v. *The People*, 84 id. 80.) If the labor system had never been adopted, as alleged, the burden of proof was on plaintiff in error to show that fact. This it failed to do.

The judgment of the county court is affirmed.

*Judgment affirmed.*