## Town of Fenton v. Peters.

1. HIGHWAYS—*Poll Tax—Cash and Labor System—Burden of Showing Which is in Force.*—In an action by a town to recover a poll tax, under Sec. 101 of Ch. 121, R. S., entitled "Roads and Bridges," the burden of showing that the provisions of Sec. 80, providing for a change to the labor system, has been complied with, is not upon the town. Certified copies of the assessment and list of taxable names establishes *prima facie*, the fact that the town has adopted the labor system. The rule rests upon the presumption that such officers obey the law.

2. HIGHWAYS—*Suit for Poll Tax Not a Penal Action—Rule of Presumptions.*—The action to recover a poll tax, under Sec. 101, Ch. 121, R. S., entitled, "Roads and Bridges," is not strictly an action to recover a penalty. It is for the purpose of collecting the assessment for road labor, and the same rule of law in regard to presumptions governs in such actions as in applications for judgment against real estate for the non-payment of assessments against it.

3. HIGHWAYS—*Suit for Poll Tax—Labor System—Burden of Proof.* —In a suit to recover a poll tax, under the highway law, the burden of showing that the labor system, under Secs. 80 and 101, Ch. 121, R. S., is not in force, is upon the defendant.

4. HIGHWAYS—*Commutations of Poll Tax—Burden of Proof.*—The right to pay commutations of a poll tax, assessed against a person liable to highway labor, under Secs. 96 and 97 of Ch. 121, R. S., entitled "Roads and Bridges," is a privilege under the statute, and if he pleads the fact in bar of an action against him for the recovery of the poll tax, the burden is upon him to prove it.

5. HIGHWAYS—*Refusing to Work—Presumptions.*—The fact unexplained, that a person refuses, when notified to work out his assessment on the road, giving only as a reason that he is not liable to work on the road, is sufficient to raise the presumption that he denied his liability to the assessment in any form.

6. HIGHWAYS—*Burden of Showing Commutation.*—If a person notified to perform road labor on the roads, refuses to do so, but afterward, within the time allowed by the statute, pays his commutation money, and is afterward sued for it, the burden of showing such commutation is upon him.

**Memorandum.**—Suit for recovery of a poll tax. Appeal from the Circuit Court of Whiteside County; the Hon. JOHN D. CRABTREE, Judge, presiding. Heard in this court at the May term, 1893. Reversed and remanded. Opinion filed December 12, 1893.

## Statement of the Case.

In this action the town of Fenton sought to recover from the appellee a penalty given by section 101, chapter 121, Starr & Curtis' Statute of Illinois, 2165.

The defense was, that the plaintiff failed to show by the evidence on the trial in the Circuit Court, such a state of facts as entitles it to recover the forfeiture provided by the law.

The case was tried by the court and the defendant was found not guilty, upon the evidence offered by the plaintiff, the defendant having offered no evidence. The town appeals.

#### Appellant's Brief, William H. Allen, Attorney.

Under the road and bridge law of the State of Illinois, the burden of proof is on the defendant, resisting a tax under the law, to show that the "labor system" has *not* been adopted, and is *not* on the plaintiff to show that it *has* been adopted. Ohio & M. Ry. Co. v. People ex rel., 119 Ill. 207.

Under the labor system of the road and bridge law, only a verbal notice is required to be given by the overseer of highways to an inhabitant assessed to work on the highways. Laws of Ill., 1883, 158, Sec. 95.

In a plea of justification in his own defense, an officer has only to make a *prima facie* showing that he is such officer; and where the public and third parties are concerned, is only required to show that he is an officer *de facto*. Schemerhorn v. Mitchell, 15 Brad. 425.

The rule is, that official acts of *de facto* officers must be treated as valid as far as the public or third parties are concerned. Drainage officers acting *de facto* can only be questioned by *quo warranto*, and their official acts will be treated as valid. Samuels v. Drainage Commissions, 125 Ill. 536; An assessment by a *de facto* officer is valid. People v. Ammons, 5 Gil. 105; Guyer v. Andrews, 11 Ill. 494.

A tax warrant, without any other evidence, will show a complete justification, and is evidence that all legal steps

Town of Fenton v. Peters.

have been taken to assess, levy and extend taxes, even in an action of trespass against the officer.  Chiniquy v. The People ex rel., 78 Ill. 570.

APPELLEE'S BRIEF, L. T. STOCKING, ATTORNEY.

A remedy on a penal statute must be strictly pursued. Before a party is allowed to recover he must bring himself clearly within its provisions.  Edwards v. Hill, 11 Ill. 22; City of Chicago v. Rumpff, 45 Ill. 90; Bullock v. Geomble, 45 Ill. 221.

In penal prosecutions the presumption of the law is in favor of the innocence of the accused.  Bacon v. Wood, 2 Scam. 265.

The law never favors forfeitures by construction.  All laws providing for the forfeiture of penalties must be strictly construed.  City of Chicago v. Rumpff, 45 Ill. 90.

When an action, given by statute, contains an exception in the same clause which gives the right of action, the plaintiff must negative such exception in his declaration and evidence.  Whitecraft v. Vanderver, 12 Ill. 235; 1 Chitty on Pleading, 223.

OPINION OF THE COURT, LACEY, J.

This was an action brought before a justice of the peace by the town of Fenton, appellant, against the appellee, to recover a penalty under section 101, chapter 121, of the road and bridge act, for failure to work out his road tax, district No. 1, he being a resident of the said district and having refused to work out his poll tax of one dollar.  The court below tried the case without a jury and after having heard the evidence, found for appellee and gave judgment against the appellant for costs.  The defense was that the appellant failed to show by the evidence sufficient facts to make out a case, in that the appellant did not show that section 80 of said chapter adopting the road labor system had been complied with, and therefore section 101 had not been shown to have been in force.  Counsel for the appellee also insists that the burden of proof was on the appellant to

prove that appellee did not commute his assessment and had not paid it in money, and that it failed to establish such negative fact. We think that neither of the objections is well taken. As to the first point made, we think the Supreme Court has settled it against appellee's contention. We refer to the cases of the O. & M. R. R. Co. v. The People ex rel., 119 Ill. 207; Chiniquy v. People, 78 Ill. 570; and Pike v. People, 84 Ill. 80. Appellee's counsel claim that the case of the O. & M. R. R. Co. v. People, *supra*, is not applicable for the reason that in that case it was an application before the County Court for a judgment against certain lands of delinquent tax payers, and that it was the county collector's report of the delinquency that was in question and raised the presumption of the adoption by the town of the road and labor system. It will be seen, however, by a perusal of the cases above cited, that the rule does not depend on the fact alone that the collecting officer makes a return of the delinquent taxes and asks for a judgment against lands, but upon the fact that the proper authorities of the town, townships, districts, incorporated cities, towns and villages, etc., certify that the several required assessments to the county clerk are correct as assessed; see section 122 of the road and bridge act; Pike v. The People, *supra*.

The presumption is, that the assessing officers conformed to the statute and performed their legal duties. In this case the commissioners of highways of the town of Fenton assessed one day's labor to each male inhabitant liable to assessment in the town for road labor for the year 1892, and filed in the town clerk's office a certified list of the names of the parties assessed, residing in district No. 1, as required by statute, among which appears the name of appellee, a resident of the district. A certified copy of this assessment and list of persons assessed, were placed in the hands of Albert Perault, overseer of highways of road district No. 1, in said town, who, in manner as required by statute, notified appellee to appear and work out his assessment on the roads. It is true the overseer made no return to the county clerk of his actions for the purpose of obtaining judgment,

for that was not required of him by the statute; but he produced at the trial and offered in evidence a certified copy of the assessment of road labor and a list of names made out and filed in the town clerk's office by the commissioners of highways. These papers undoubtedly would have the same force and effect as regards the validity of the assessments as a return against delinquent lands made by the collector to the county clerk, depending as it does on the same class of presumptions. Certified copies of the assessment and list of taxable names, in our opinion establish *prima facie*, the fact that the town had adopted the road and labor system. We think the authorities above cited fully support the above rule. The rule rests on the presumption that such officers will obey the law.

We will now notice the other points made by counsel for appellee. It will be observed that this action is not strictly an action to recover a penalty as supposed; it is for the purpose of collecting the assessment for road labor, and the only one given. See Sec. 106, Chapter 121, R. S. The penalty is in the nature of damages for the non-payment of the assessment similar to that recoverable for delinquent taxes on real estate, the statute giving two dollars in place of one assessed. We think the same rule of law in regard to the presumptions governs in this class of cases as in application for judgments against real estate for the non-payment of the assessments against it. In this view of the case if the road labor system in the town of Fenton had not been adopted as required by statute, it was incumbent upon the appellee to show it. The other point raised by appellee and insisted on by his counsel, is, that it was incumbent upon the appellant to show that the appellee had not commuted his labor assessments by paying the amount of it in money, as the statute gave him a right to do. Secs. 96 and 97 of the road and bridge act. This point we think is not well taken, for this is a privilege the appellee had under the statutes.

It appears from the evidence that he absolutely refused to work out his assessment on the roads when notified by the overseer of highways, giving as an only reason that he was

not liable to work on the roads. These facts unexplained were sufficient to raise the presumption that he denied his liability to pay the assessment in any form. If appellee had changed his mind and had paid the commutation money after this time, and within the three days allowed by the statute, the burden was on him to show it; besides, the lists of names on the certified copy of the list of assessment in evidence showed no credit mark made by the overseer opposite the appellee's name, which should have been placed there if payment had been made. The credit should be given by the overseer at the time of receiving satisfaction. Sec. 113 of the road and bridge act requires a full statement of all the overseer's acts and doings, as such, on oath, to one of the commissioners of highways of the town, showing satisfaction and the manner of the satisfaction of all personal assessments. The list introduced in evidence showed the appellee's tax unsatisfied. The above are the only points apparently relied on by counsel for appellee to sustain the judgment of the court below. It appears clear from the evidence that appellee willfully and without legal excuse refused to satisfy in any way his assessment for road labor in his district in the town of Fenton. It appears equally clear that the assessment was legal and proper, and a just claim against him. The court, upon the evidence, should have rendered judgment against the appellee for the amount fixed by the statute. For this error in not giving judgment for appellant, the judgment of the court below is reversed and the cause remanded.