The Chicago and Northwestern Railway Company

*v.*

The People *ex rel.* Walter Warner, County Collector.

*Opinion filed February 14, 1898.*

1. Taxes—*what will not render road and bridge tax invalid.* The failure of highway commissioners to deliver to the town supervisor, on or before the Tuesday next preceding the annual meeting of the board of supervisors, the statement of the amount necessary to be raised for road and bridge purposes, (Laws of 1883, sec. 119, p. 163,) does not render the road tax invalid, where it appears that such statement was delivered before said annual meeting, and was submitted and acted upon and the tax extended on the books.

2. Same—*collector's application is prima facie sufficient to authorize judgment.* A tax collector's application for judgment for delinquent taxes, which is regular in form, is *prima facie* sufficient to authorize judgment, and one objecting thereto must specify the particular cause of objection in writing, and sustain the same by evidence sufficient to overcome the collector's *prima facie* case.

Appeal from the County Court of Whiteside county; the Hon. H. C. Ward, Judge, presiding.

William Barge, and C. LeRoy Brown, for appellant.

Walter Stager, State's Attorney, for appellee.

Mr. Justice Carter delivered the opinion of the court:

This is an appeal from a judgment of the county court of Whiteside county against the property of appellant for delinquent road and bridge taxes levied by the highway commissioners, respectively, of the towns of Hopkins and Mt. Pleasant, in said county.

In view of the objections filed below and the stipulation entered into between the parties, the only question to be considered here is, does the fact that the commissioners of highways failed to deliver to the supervisor of the town, on or before the Tuesday next preceding the annual meeting of the board of supervisors, the statement

of the amount necessary to be raised for road and bridge purposes, as required by the statute, (Laws of 1883, sec. 119, p. 163,) render such road and bridge tax levied by such commissioners invalid, where it appears that the statement was delivered to the supervisor after said Tuesday and before such annual meeting, and was duly submitted to said meeting of said board for their action, and the tax was duly extended on the tax books. We are of the opinion it does not. It is stipulated that there is no other irregularity in this tax levy.

The levy was made, the statement was delivered to the supervisor before the annual meeting, it was before the board of supervisors, the proper action was taken by the board and the tax duly extended, and yet it is contended that the levy is void because the statement was not delivered on the Tuesday mentioned in the statute, but a few days later, and the following cases are cited in support of this contention: *Cowgill* v. *Long*, 15 Ill. 202; *Mix* v. *People*, 72 id. 241; *Riverside Co.* v. *Howell*, 113 id. 256; *Ohio and Mississippi Railway Co.* v. *Comrs. of Highways*, 117 id. 279; *St. Louis Bridge and Tunnel Railroad Co.* v. *People*, 127 id. 627; *St. Louis Nat. Stock Yards* v. *People*, id. 22.

The first two of these cases were decided before the enactment of section 191 of the Revenue act, which provides that "no assessment of property or charge for any of said taxes shall be considered illegal on account of any irregularity in the tax lists or assessment rolls, or on account of the assessment rolls or tax lists not having been made, completed or returned within the time required by law, * * * and no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof." (Laws of 1873-74, p. 54; 3 Starr & Curtis, 3471.) In *Buck* v. *People*, 78 Ill. 560, *Chiniquy* v. *People*, id. 570, *Thatcher* v. *People*, 79 id. 597, and *St. Louis, Vandalia and Terre Haute Rail-*

*road Co.* v. *Surrell*, 88 id. 535, it was held that this amendment to the statute had the effect of overruling previous decisions which had held that the time for making returns of the kind here involved was mandatory and could not be made at a time later than that provided by the statute; and it was said in the *Thatcher case, supra,* in speaking of the 191st section, that "by it nearly, if not all, our previous decisions have been abrogated as rules for the determination of cases arising after the adoption of this amendment," and *Mix* v. *People* was expressly referred to in the *Buck* and *Chiniquy cases* as no longer authority on questions of this character. (See, also, *Ohio and Mississippi Railway Co.* v. *People*, 119 Ill. 207, and *Wabash Railway Co.* v. *People*, 138 id. 316.) In the latter case, in commenting on *Ohio and Mississippi Railway Co.* v. *Comrs. of Highways*, 117 Ill. 279, and *Leachman* v. *Dougherty*, 81 id. 324, it was said that "in both of those cases it affirmatively appeared that the certificates and lists, by virtue of which the respective taxes were levied, were not returned to the board of supervisors." The case in 117 Ill. 279, was an action of debt to recover taxes on forfeited property, and the lists were not presented to the board of supervisors, and the board made no order for the extension of the taxes. Besides, it was stipulated that the county clerk had no other authority for extending the taxes on the tax books than the lists of the road overseers, and so it was held no recovery could be had. In *St. Louis Nat. Stock Yards* v. *People*, 127 Ill. 22, (cited by appellant,) while it was said that the commissioners could act only in the manner and at the time specified in the statute, still, as it appeared that the commissioners met on the day specified in the statute and adjourned to a later day, at which adjourned meeting the levy was made, the levy was held valid. It was not mentioned or considered in that case whether the amendment to the Revenue act contained in section 191 would have cured the defect or not. Nor does it appear in the case at bar whether the commissioners

held any meeting on the Tuesday provided by the statute or not, although it does appear by the stipulation that the levy was not made until a few days later.

As said at the outset, however, the alleged failure to make the levy on the day fixed by the statute is not the ground specified in the objections filed, but only the failure to deliver the statement to the supervisor at that time; and the time of making the levy, as clearly appears by the objections and stipulation, is stated only as evidence of the failure to deliver the statement within the prescribed time. Hence, it is not necessary to determine in this case whether, in a case where it appeared that the commissioners held no meeting at the time fixed by the statute, but met at a later day and levied the tax, such tax would, on objections filed, be valid, or the error be cured by the 191st section of the Revenue act, or not. See, also, *St. Louis Bridge Co.* v. *People,* 128 Ill. 422; *St. Louis Bridge and Tunnel Railroad Co.* v. *People,* 127 id. 627.

The collector's application was *prima facie* sufficient to authorize judgment, and it was incumbent on objector not only to specify in writing the particular cause of objection, but to make it appear by the evidence,—at least sufficiently to overcome the *prima facie* case made by the collector. *Hutchinson* v. *Self,* 153 Ill. 542, and cases cited.

No error appearing in the record, the appellee is entitled to an affirmance. Judgment will therefore be entered in this court, pursuant to the statute, against the property of appellant described in the record for the said taxes levied in the town of Hopkins, and interest thereon, in the total amount of $132.41, with five per cent damages, and for said tax levied in the town of Mt. Pleasant, and interest thereon, in the total amount of $310.71, with five per cent damages, and for costs. The moneys deposited with the collector, if any, or so much as may be necessary, shall be credited upon said judgment, and execution shall issue for the balance, damages and costs.

*Judgment affirmed.*