## H. G. F. Draves v. People, etc., use of Road District, etc.

1. ROAD LABOR—*Exemptions for Physical Disability—Burden of Proof.*—In a prosecution for a failure to pay a poll tax, the burden is upon the defendant to show that he is not an able-bodied person liable to pay a poll tax.

2. PRESUMPTIONS—*That a Person Once Able-Bodied Remains so.*— In a prosecution for a failure to pay a poll tax, where proof is made that the defendant was included by the commissioners in the list of able-bodied men, and he pleads that he is not, if there is evidence showing that he was once able-bodied, and if, after testimony introduced by him to prove he is not, a preponderance of the evidence, backed by the presumption of law that he still remains so, is sufficient to warrant a verdict of guilty.

Prosecution for a Failure to Pay a Poll Tax.—Appeal from the Circuit Court of Randolph County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

J. B. SIMPSON and ALEXANDER HOOD, attorneys for appellant.

H. CLAY HORNER, attorney for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is an action commenced by warrant issued by a justice of the peace, against appellant, charging him with failure to pay $3 poll tax. Appellant defended upon the ground of physical disability. The case was tried by jury in the Circuit Court, and appellant was found guilty and fined $6, upon which verdict judgment was rendered, and an appeal taken.

The suit was brought under the following paragraph of Sec. 186, of Chapter 121, Hurd's Stat. 1899 :

"The treasurer shall within twenty days after the regular meeting in June of each year, make a complaint, under oath, before any justice of the peace of his county, against each person who has not paid his poll tax, unless good cause be shown why such complaint should not be made, and such justice of the peace shall thereupon issue his warrant to any constable of his county against any person complained against, and shall upon his arrest, proceed to hear and determine the cause according to law, and in case the issue be found against the defendant, he shall be fined in a sum not exceeding $25, and not less than double the amount which shall appear to be due from him for poll tax, and he shall stand committed until fine and costs are fully paid."

No error in giving instructions for plaintiff was noted in motion by appellant for new trial. The error assigned on the record upon this ground will therefore not be considered.

The modification by the court of appellant's first instruction, in which he defined an able-bodied man as one who was "able to perform ordinary hard labor for a full day, without unusual pain or suffering arising from the effects of such labor," by substituting the words "able to perform ordinary labor," was not error. Ordinary labor, and not ordinary hard labor, is all the statute requires.

The court refused the following instruction asked by appellant :

"The court instructs the jury that it devolves upon the plaintiff to prove by a clear preponderance of the evidence that the defendant, Draves, is an able-bodied man as defined in these instructions, before you are authorized to find him guilty."

In this refusal there was no error.

The statute requires the commissioners to make a list of able-bodied men between the ages of twenty-one and fifty years. That list was *prima facie* evidence that appellant was an able-bodied man.

"It is a presumption of law, that public officers perform their duties." Town of Fenton v. Peters, 50 Ill. App. 41.

It was not necessary then, in the first instance, to prove specifically by other evidence that appellant was able-bodied.

When proof was made that appellant had been included by the commissioners in the list of able-bodied men, the burden was upon him to show that he was not able-bodied. If, after testimony introduced by him to prove this defense, a preponderance of the evidence, backed by the presumption of law that he was able-bodied, still remained, it was sufficient to warrant a verdict of guilty. The cases cited by appellant to the effect that when suits are instituted for violation of ordinances or of statutory requirements, there must be a clear preponderance to warrant convictions, are not in point.

These suits were to collect fines or penalties.

It is held in Town of Fenton v. Peters, cited *supra*, that an action under the statute to recover poll tax is not an action to recover a fine or penalty.

There is no substantial error shown in the admission or exclusion of evidence.

Judgment is therefore affirmed.