THE PEOPLE *ex rel.* William Sievert *et al.* Appellants, *vs.* JOSEPH H. PELTIER *et al.* Appellees.

*Opinion filed October 24, 1916.*

1. SCHOOLS—*act of 1915, legalizing elections for organization of high school districts, is general in its application and is valid.* The curative act of April 24, 1915, legalizing elections previously held to organize high school districts and to abate suits questioning the validity of such elections, applies to all such elections where the votes of women were the deciding factor, regardless of the result, and in that respect said act is general and is valid. (*People v. Militzer,* 272 Ill. 387, adhered to.)

2. SAME—*act of April 24, 1915, legalizing elections, does not encroach upon the province of the judiciary.* The curative act of April 24, 1915, legalizing elections previously held to organize high school districts and to abate suits questioning the validity of such elections, does not attempt to deprive the courts of jurisdiction but merely makes effective the elections referred to therein, and to that end provides that all pending suits questioning the validity of such elections on the ground that the votes of women had been the deciding factor shall abate.

3. SAME—*when costs are properly taxed against relators seeking to nullify school election.* The costs are properly taxed against relators who are defeated in their attempt to nullify an election held for the organization of a high school district although they had a good cause of action when the suit was instituted, where a curative act removing the cause of action was passed and became effective before the final determination of the suit, as the relators have no vested rights in such matter and they are chargeable with knowledge of the power of the legislature to pass a curative act.

DUNCAN, J., dissenting.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

J. W. KERN, State's Attorney, (PALLISSARD & BENJA-
MIN, and KAY, PERRIGO & KAY, of counsel,) for appellants.

C. G. HIRSCHI, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

On March 4, 1915, the State's attorney of Iroquois
county, in the name of the People and upon the relation of
William Sievert and others, by leave of court filed an in-
formation in the nature of *quo warranto* in the circuit court
of said county against appellees, requiring them to show
by what authority they claimed to exercise the office and
franchise of president and board of education of a certain
pretended township high school district in Iroquois county.
Instead of pleading to the information appellees entered into
a stipulation with the State's attorney, by which it was
agreed that the cause should be submitted to the court upon
a stipulation of facts without formal pleadings.

From the stipulation of facts it appears that on May 23,
1914, an election was held to determine whether certain ter-
ritory in Iroquois county should be organized into a town-
ship high school district, and that at said election seventy-
five male voters and forty-six women voted in favor of the
proposition and seventy-nine male voters and thirty women
voted against the proposition; that in case women were
entitled to vote at said election the proposition was carried
by twelve votes, in which event said high school district
has been established according to law, but in case women
were not entitled to vote at said election then the proposi-
tion was lost by four votes and said district has not been
legally organized. Based upon this stipulation of facts, the
court on April 26, 1915, rendered a judgment of ouster
against appellees, finding them guilty in manner and form
as charged in the information. From that judgment ap-
pellees prayed an appeal to this court, which was allowed
upon filing bond and bill of exceptions within thirty days.

Thereafter, on May 5, 1915, appellees moved the court to set aside and vacate the judgment of ouster and order for appeal of April 26, 1915, on the ground that on April 24, 1915, an act had been duly passed and approved, entitled "An act to legalize certain elections held since July 1, 1911, under and by virtue of 'An act to authorize the organization of high school districts,' approved June 5, 1911, and in force July 1, 1911, and all proceedings taken in pursuance thereof, and to abate certain pending suits." (Laws of 1915, p. 630.) The motion to set aside and vacate the judgment of ouster and order for appeal was sustained, the judgment of April 26, 1915, was vacated and set aside, and judgment was rendered against the relators for costs. From this judgment the relators have prosecuted this appeal.

No question is raised as to the validity of the act of June 5, 1911. In contending that the curative act of April 24, 1915, is invalid appellants seem to rely more strongly upon their construction of the provisions of the act than upon the power of the legislature to pass a curative act upon this subject. In the recent case of *People* v. *Militzer, 272* Ill. 387, it was held that the act of 1915 is valid, as the General Assembly had the power, when the Township High School act was passed, to have authorized women to vote at such elections.

Appellants contend that the act is invalid because by its terms it is applicable only to such elections as were carried for the organization by women's votes. The terms of the act will not bear this construction. The act is set out in full in *People* v. *Militzer, supra,* and contains the express provision that whenever any election has been held under the act authorizing the organization of high school districts "at which the votes of women may have been the deciding factor in carrying such election then, and in such case, such elections are hereby made and held to be legal, valid and binding." By this language the legislature expressly ratified every election held under the act at which the votes

of women were the deciding factor, whether such election resulted in a majority for or against the organization of the district. The language of the act following that just quoted does not modify it. It is true that the language following applies only to cases where the election resulted in a majority for the organization of the district. It was unnecessary to make any such provision in reference to cases where a majority of votes cast were against the organization of the district. Those cases were fully and completely disposed of by the language in that part of the act above quoted. The act is general and applies to all elections at which women votes were the deciding factor, without regard to the result.

The act does not encroach upon the province of the judiciary. It does not attempt to deprive the courts of jurisdiction but simply makes effective the elections referred to therein, and in carrying out that intention provides that all pending suits questioning the validity of such elections on the ground that the votes of women had been the deciding factor should abate.

Appellants complain of the action of the trial court in assessing costs against them, and insist that as at the time this action was instituted they had a good cause of action and would have been entitled to recover had it not been for the subsequent act of the legislature, they should not be mulcted in costs. Appellants had no vested rights in the matter, and this proceeding was instituted with the full knowledge that it was within the power of the legislature by a curative act to ratify and render legal and binding the election held. The act was approved and became effective before the final determination of the cause, and costs were properly taxed against appellants.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DUNCAN, dissenting.