(No. 11530.—Reversed and remanded.)

THE PEOPLE *ex rel.* William H. Fitzgerald *et al.* Appellees, *vs.* FRANK B. STITT *et al.* Appellants.

*Opinion filed October 23, 1917—Rehearing denied Dec. 5, 1917.*

1. CONSTITUTIONAL LAW—*curative act of 1917, regarding high school districts, is valid.* Section 1 of the curative act of June 14, 1917, providing that any compact and contiguous territory may organize into a high school district, is valid, as being within the power of the legislature to pass such an act in the first instance.

2. SAME—*whether law is general or special does not depend on the number it governs.* Whether laws are general or special does not depend upon the number of persons who are within the scope of their operation.

3. SAME—*curative act of 1917, regarding high school districts, is not a local or special law.* The curative act of June 14, 1917, regarding high school districts, applies to all territory, compact and contiguous, that has organized a high school by a majority

vote within the territory, and the fact that it does not purport to permit other like compact and contiguous territory to be so organized hereafter does not render it special legislation.

4. SAME—*curative act of 1917, regarding high school districts, does not amend the general School law.* The curative act of June 14, 1917, regarding high school districts, does not, by referring to the general School law as to the qualifications of the members of the board of education and the method of their election, violate section 13 of article 4 of the constitution, prohibiting the amending of one act by another by mere reference.

5. SAME—*title need not contain all provisions of a statute.* The title to an act need only set out the subject matter in a general form, and all provisions which are incidental or auxiliary to or in any reasonable sense will promote the object as indicated in the title are legitimately included in the act.

6. SAME—*high school curative act is not an attempt to override a judicial decision.* The high school curative act of 1917 is general in its application and applies to all districts similarly situated and is not invalid as an attempt to override a judicial decision.

APPEAL from the Circuit Court of Woodford county; the Hon. GEORGE W. PATTON, Judge, presiding.

W. L. ELLWOOD, and JOHN F. BOSWORTH, for appellants.

ERNEST J. HENDERSON, State's Attorney, LOUIS FITZHENRY, BARRY & MORRISSEY, and EDWARD RILEY, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is a *quo warranto* proceeding brought in the circuit court of Woodford county to oust appellants from the offices of president and members of the board of education of district No. 375, situated partly in Woodford county and partly in McLean county. Said district was organized under the Township High School act of June 5, 1911, which this court declared unconstitutional in *People* v. *Weis*, 275 Ill. 581. Issues were joined in this case before that deci-

sion holding the law unconstitutional was rendered, and on trial before a jury appellants were found not guilty. The appellees prayed and perfected an appeal to this court, and the judgment in the original proceeding was reversed in *People* v. *Stitt,* 275 Ill. 593, following the reasoning in the case of *People* v. *Weis, supra.* When the case was redocketed in the circuit court appellants prayed and obtained leave of court to file additional pleas. Those pleas set up an attempt to organize under the act of 1911, the alleged election of appellants as a board of education on March 20, 1915, and that since said election they had been acting as such board and conducting a high school in said district. The pleas averred that the district was a *de facto* one and that the appellants were *de facto* officers thereof. Demurrers interposed to these additional pleas were sustained by the trial court and judgment of ouster and a fine of one dollar entered against appellants. This appeal was thereafter prayed and perfected from that judgment.

The legislature at its last session passed a law which was approved by the Governor June 14, 1917, (Laws of 1917, p. 744,) which reads as follows:

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly!* That in all cases where a majority of the inhabitants of any contiguous and compact territory voting on the proposition, having voted at any election called for the purpose by a county superintendent of schools in favor of the organization of such territory into a high school district, and when at a subsequent election similarly called and held a board of education has been chosen for such district, each such election is hereby made legal and valid and such territory is hereby declared legally and validly organized and established as a high school district, and a valid and existing school district and body politic and corporate of this State for the purpose of establishing and maintaining a high school. The board of education acting for each such dis-

trict is hereby declared to be the duly constituted corporate authority thereof, and each such board shall hereafter consist of a president and six members, and shall be elected and organized in the same manner and have the powers and discharge the duties of boards of education of school districts as provided by sections 123, 125, 126, 126a and 127 of an act of the General Assembly of the State of Illinois entitled 'An act to establish and maintain a system of free schools,' approved June 12, 1909, as said sections now exist or may from time to time be amended.

"Sec. 2. All acts and proceedings heretofore done, had or performed by each such district and the persons from time to time elected and acting as the board of education thereof, such as are authorized to be done, had or performed by school districts or boards of education thereof by the general school laws of this State are hereby declared to be legal and valid in all respects.

"Sec. 3. Whenever there are two such districts which overlap in territory, that district which shall have first established and now continues to conduct a high school is hereby validated and confirmed.

"Sec. 4. All pending actions attacking the organization of districts coming under the provisions of this act shall abate."

Section 5 provides that the invalidity of one section shall not affect the remainder of the act, and section 6 contains an emergency clause, providing that the act shall go into force and effect at once.

Counsel for appellees most earnestly insist that this so-called curative act can have no effect upon this suit and can not validate township high school districts organized under the law of 1911, as that law has been held unconstitutional. "A curative statute is necessarily retrospective in character and may be enacted to cure or validate errors or irregularities in legal or administrative proceedings, except such as are jurisdictional or affect substantive rights, and also to

cure or give effect to contracts between parties which might otherwise fall for failure to comply with technical legal requirements. Although a retrospective statute affecting and changing vested rights is very generally considered in this country as founded on unconstitutional principles and consequently inoperative and void, this doctrine is not understood to apply to remedial statutes, which may be of a retrospective nature, provided they do not impair contracts or disturb absolute vested rights and only go to confirm rights already existing, and, in furtherance of the remedy, by curing defects add to the means of enforcing existing obligations. Such statutes have been held valid when clearly just and reasonable and conducive to the general welfare, even though they might operate in a degree upon existing rights." (6 R. C. L. 320.) "If the thing wanting or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to dispense with it by subsequent statute, and if the irregularity consists in doing some act which the legislature might have made immaterial by prior law it is equally competent to make the same immaterial by a subsequent law." (Cooley's Const. Lim.—7th ed.—531.) "The only limitation upon the power of the legislature in this respect seems to be that the act ratified and confirmed must be one which it was lawful for the legislature to authorize in the first instance, and that the power be so exercised as not to infringe or divest property rights and vested interests of persons which are secure against such legislative action." (*People* v. *City of Rock Island,* 271 Ill. 412; see, also, on this question, *People* v. *Wisconsin Central Railroad Co.* 219 Ill. 94; 8 Cyc. 765; 1 Kent's Com.—14th ed.—545, 546.) This doctrine as to curative statutes applies as well to laws that have been held unconstitutional as to those laws that have been held invalid for other reasons. *Ross* v. *Board of Supervisors,*

(Iowa,) 1 L. R. A. [N. S.] 431; *Carlstadt Nat. Bank* v. *Borough of Hasbrouck Heights,* 83 N. J. L. 383; *State* v. *Abraham,* (Wash.) 117 Pac. Rep. 501; *Whitlock* v. *Hawkins,* (Va.) 53 S. E. Rep. 401; *Donnelly* v. *City of Pittsburgh,* (Pa.) 23 Atl. Rep. 394. See, also, *Tiaco* v. *Forbes,* 228 U. S. 549.

Counsel for appellees strenuously insist that the provisions of this curative act would not have been valid and constitutional if those provisions were a part of the original act authorizing, in the first instance, the organization of high school districts. The original act of 1911 was declared unconstitutional by this court because it did not permit all sections of the State similarly situated to organize high school districts but made arbitrary classifications without any reasonable or sound basis therefor. The only provision of the constitution which bears directly on the method of organizing school districts is section 1 of article 8, which reads: "The General Assembly shall provide a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education." There is nothing in that section, or in any other part of the constitution, which provides the manner in which school districts shall be formed or the size and extent of the population, or that requires that the organization of the district shall be submitted to a vote of the people. Therefore the provision of section 1 of this curative act which provides that any compact and contiguous territory may organize into a school district, no matter where located, would necessarily be valid under the provisions of the constitution as construed by this court, and, of course, the provision as to a majority of the inhabitants of such compact and contiguous territory having voted to organize a district does not render this section unconstitutional. Beyond question, a statute containing the provisions of section 1 of the curative act would have been valid and constitutional as an original act.

But counsel for appellees further argue very earnestly that this curative act is a local or special law, as it now confers rights upon the inhabitants of certain territories in the State that it does not confer upon other territories of like population and under like conditions. Whether laws are general or special does not depend upon the number of those who are within the scope of their operation. They "are general and uniform, not because they operate upon every person in the State, for they do not, but because every person who is brought within the relations and circumstances provided for is affected by the laws. * * * Nor is it necessary, in order to make a statute general, that it should be equally applicable to all parts of the State. It is sufficient if it extends to all persons doing or omitting to do an act within the territorial limits described in the statute." (*People* v. *Wright,* 70 Ill. 388; see, also, *People* v. *Cooper,* 83 id. 585.) "A law may be general and yet be operative in a single place. It is not requisite that it should be presently applicable to every person or to every city within the State. The general law for the incorporation of cities, towns and villages, until it was adopted by some city, town or village, was inoperative, having no application anywhere. * * * So the City Election law held in *People* v. *Hoffman,* 116 Ill. 587, to be a valid enactment, applies only to such cities as may adopt the mode of conducting elections therein prescribed." (*West Chicago Park Comrs.* v. *McMullen,* 134 Ill. 170.) "There is nothing in the constitution to prevent any State from adopting any system of laws or judicature it sees fit for all or any part of its territory. If the State of New York, for example, should see fit to adopt the civil law and its method of procedure for New York City and the surrounding counties and the common law and its method of procedure for the rest of the State, there is nothing in the constitution of the United States to prevent its doing so." (*Missouri* v. *Lewis,* 101 U. S. 22.) This court has said that "if all laws were held

unconstitutional because they did not embrace all persons, few would stand the test. * * * A law is general, not because it embraces all of the governed, but that it may, from its terms, when many are embraced in its provisions, and all others may be when they occupy the position of those who are embraced." (*Hawthorn* v. *People,* 109 Ill. 302.) "A law that is made applicable to a certain class or classes of citizens must be based upon some substantial difference between the situation of that class or classes and other individuals or classes to which it does not apply." *City of Clinton* v. *Wilson,* 257 Ill. 580.

In *Town of Fox* v. *Town of Kendall,* 97 Ill. 72, this court held that the legislature might cure defects in an illegal election held to vote upon the question of township support of paupers. In that case the question was submitted to the voters of the county before the law providing for the submission of such question went into effect, and it was held that this defect might be cured by a subsequent curative act passed in 1871, which provided that where counties had voted for the support of paupers by townships and had acted in good faith for a period of five years under the authority of such vote, the acts of such counties and townships should be deemed legal and binding, notwithstanding any informalities in the time or manner of holding such elections or in recording or preserving the records thereof. The ground of the decision was, that as the General Assembly might have enacted such a law and made it operative without submitting the question to a vote of the county, it could cure the defect of an illegal vote on such proposition by a curative or retrospective law validating what had been done pursuant to such illegal election.

In *People* v. *City of Rock Island, supra,* the validity of the annexation of the village of Sears to the city of Rock Island was questioned on the ground that the annexation was held under the provisions of the act of 1872 as amended by the act of 1913, and that the petition asking for such

annexation was not signed by a majority of the property owners in the territory proposed to be annexed, as provided by that amended act.  On June 4, 1915, an act was passed "legalizing" the annexation of any incorporated city, village or town, and the territory comprising such city, village or town, to another incorporated city, village or town.  It was urged there, as it is here, that this curative act was unconstitutional, as special legislation.  The court, after reviewing the authorities on the question at length, said (p. 421) : "Neither do we think the act is unconstitutional as special legislation.  While its provisions may be applicable to only one city, town or village in the State, it does not purport to apply to one, or even a small number, of such municipalities, but is broad enough in its terms to include all cities and towns in the State in which annexation proceedings have been had under section 2 of the act of 1872.  It is therefore not invalid as special legislation."

If the curative acts in the last two cases referred to were not invalid as special legislation we cannot see how it can be held, without, in effect, overruling those two decisions, that this curative act is invalid because special in its character.  It applies to all territory, compact and contiguous, that has organized a high school by a majority vote within the territory, and the fact that it does not permit other like compact and contiguous territory to be organized hereafter does not render it special legislation.  By the same line of reasoning it would be impossible, if municipal organizations had been organized under a constitutional act, to thereafter repeal that constitutional act, and thus make it impossible thereafter to organize other municipalities under that act.  But this repeal would not render the municipal corporations already organized under the said act before it was repealed, invalid or unconstitutional.  The fact that in certain districts a vote had already been taken to organize such district clearly makes such territory a class by itself, and under the reasoning of the authorities

280 – 36

there can be no question that such classification is a reasonable one, based upon a substantial difference between the situation of that class and the classes to which the law does not apply. That substantial difference is clearly the fact that such districts have already been technically organized by a majority vote of the people in the territory. In the case of *State* v. *Pauley,* 83 Kan. 456, involving a high school law affecting only certain counties, it was said on this question (p. 462) : "Curative legislation necessarily forms an exception to the general rule that classifications cannot be based solely on conditions already existing, for the object of such a statute is to effect a remedy for present conditions." This doctrine was approved by the same court in *Pollock* v. *Kansas City,* 42 L. R. A. (N. S.) 465. The reasoning of those cases is especially in point on this question, and we think such reasoning sound.

Counsel for appellees further argue at length that this act is in contravention of section 10 of article 9 of the constitution, for the reason that it attempts to place a burden upon a municipality so organized, without the consent of such high school district. Counsel cite in support of this position the rulings of this court in *Marshall* v. *Silliman,* 61 Ill. 218, *Cairo and St. Louis Railroad Co.* v. *City of Sparta,* 77 id. 505, *Morgan* v. *Schusselle,* 228 id. 106, and other like cases. In each of those cases the curative act attempted to make valid, without a vote of the people, municipal obligations, such as bonds, that had been issued and sold by the various municipalities, and therefore had the effect of creating a debt without legal authority from the people. In this case this district has incurred no obligations under any bonds issued by the district, as was true in the cases relied on by counsel for appellees. This curative act, so far as it applies to this district, only involves the question whether the legislature can validate the organization of a school district which has already been authorized by a majority of the voters in said district, and this court has

held in *People* v. *Wisconsin Central Railroad Co. supra,* that
in the absence of any constitutional prohibition the legisla-
ture may validate by a curative act any proceedings which
it might have authorized in advance, including the levying
of taxes that have failed of proper execution through the
carelessness of officers. (See, also, *Cowgill* v. *Long,* 15 Ill.
202.) We do not think the cases relied on by counsel for
appellees are decisive as to this question.

Counsel for appellees further insist that the curative act
amends, in effect, the general School law of 1909, and is
therefore in violation of section 13 of article 4 of the con-
stitution, which prohibits the amending of one act by an-
other by mere reference; that this curative act creates
boards of education that are different, containing seven
members instead of five, as required by the general School
law, and requires that the president of the board be elected
in a manner different from that provided under the general
School law; that this curative act requires the same quali-
fications otherwise as are provided for in the general School
law as to members of boards of education of high schools
under the curative act but makes a separate class as to the
number of board members, and therefore amends the gen-
eral School law by mere reference. "An act which is com-
plete within itself and does not purport, either in its title
or in the body thereof, to amend or revive any other act,
is valid even though it may by implication modify or re-
peal prior existing statutes." (*People* v. *Crossley,* 261 Ill.
78.) "One law may be amended by another without any
reference to it, as any new provision of law may in some
sense be said to amend and change a prior system of laws,
so that the law, as a body, is not what it was before, * * *
and no reason is apparent why the legislature may not pass
at different times several acts relating to free schools or
to different parts of the law establishing a system of free
schools. 'It cannot be said that this clause of the constitu-
tion embraces every enactment which in every degree, how-

ever remotely, may affect the prior law on a given subject, for to so hold would be to bring about a greater evil than the one sought to be obviated by this clause.' (*People* v. *Wright,* 70 Ill. 396.) Two or more laws relating to the same subject, or different parts of the same subject matter, are not necessarily amendatory of each other, within the meaning of this clause of the constitution, although they may be construed together as *in pari materia.* All laws on the subject of schools, in city charters or elsewhere, are necessarily parts of the school laws." (*School Directors* v. *School Directors,* 135 Ill. 464.) "Whenever an act of the legislature confers powers which are recited in another act, the act to which reference is made is to be considered and treated as if it were incorporated into and made a part of the act which contains the reference." (*Zeman* v. *Dolan,* 279 Ill. 295.) Under the reasoning of the court in that decision and the cases there cited there can be no question that this curative act is not in contravention of the section of the constitution in question because it refers to the general School law as to the qualifications of the members of the board of education and the method of their election.

Counsel for appellees further insist that the act is unconstitutional because the title is not broad enough to cover all the provisions of the act. The title of the act reads, "An act to legalize the organization of certain high school districts." We think the act itself and its various provisions are clearly connected for the purpose of legalizing the organization of these high school districts. It has been repeatedly held by this court that the title is not required to contain all the details afterward set out in the act; that the title need not be an index of the contents of the act; that it need only set out the subject matter in a general form. (*People* v. *Hazelwood,* 116 Ill. 319; *People* v. *Commercial Life Ins. Co.* 247 id. 92.) To render a provision of an act void because it was not expressed in the title it must have no connection with or relation to the title. (*People* v. *Sayer,*

246 Ill. 382.)    All provisions which are incidental or aux-
iliary to or in any reasonable sense will promote the object
as indicated in the title are legitimately included in the act.
(*People* v. *Huff*, 249 Ill. 164.)    This provision of the con-
stitution is complied with if the general terms employed in
the title of an act are comprehensive enough to reasonably
include, as falling within that general subject and as sub-
ordinate branches thereof, the several objects which the
statute assumes to effect.    (*Town of Manchester* v. *People*,
178 Ill. 285.)    Every act must embrace a single subject
but may include other provisions which are not foreign to
the general subject and ultimately tend to accomplish the
legislative purpose with reference to that general subject.
(*People* v. *McBride*, 234 Ill. 146; *Meul* v. *People*, 198 id.
258; see, also, *People* v. *Sargent*, 254 Ill. 514, and *Hoyne*
v. *Ling*, 264 id. 506.)    All doubts or uncertainties arising
from the language of either the constitution or the statute
must be resolved in favor of the constitutionality of the
statute.    There is no such conflict here between the consti-
tution, the statute and the title as to require the holding of
this statute unconstitutional on this ground.

Counsel for appellees also strenuously insist that as this
court has already decided the organization of the district
invalid in the former decision, and that this is a plain
attempt to override a judicial decision by a curative act,
therefore, under the reasoning of this court in *Chicago and
Eastern Illinois Railroad Co.* v. *People*, 219 Ill. 408, this
act must be held invalid so far as it affects this district.
It is clear from the reasoning of this court in the opinion
holding unconstitutional the act of 1911, upon which the
original opinion in this case was based, that it was not in-
tended to make that decision a final and binding one; that
it was not intended to enter a final judgment deciding all
the issues involved in the case; and therefore this curative
act is not a direct attempt to change the final decision of
this court.    (See *Cowgill* v. *Long, supra; Ferry* v. *Camp-*

*bell*, 110 Iowa, 290; *People* v. *Ingram County*, 20 Mich. 95; *Freiberg* v. *Singer*, 90 Wis. 608; *Johnson* v. *Richardson*, 44 Ark. 365; *United States* v. *Heinszen & Co.* 206 U. S. 370; see, also, as bearing on this question, *City of Lincoln* v. *Harts*, 266 Ill. 405.) The curative act is a general act applying to all districts where like conditions exist. In *Ferry* v. *Campbell, supra*, after an inheritance tax had been levied under an unconstitutional law and a judgment had been entered restraining the collection by the court, the legislature of the State passed an act curing the defect in the law, and it was held that such curative statute was binding, that it should be retroactive as to the personalty in the hands of an executor undistributed at the time such act took effect, and that such property was liable to the tax. (See, also, on this point, *State* v. *Abraham, supra*.) This court held in *People* v. *Peltier*, 275 Ill. 217, that a curative act legalizing elections previously held to organize high school districts and abating suits questioning the validity of such elections does not attempt to deprive the courts of jurisdiction but merely makes effective the elections referred to therein. In our judgment it is impossible to distinguish this case, on its facts and reasoning, from that of *People* v. *Peltier, supra*. Appellees had no vested rights in this proceeding when it was instituted in the lower court with the full knowledge that it was within the power of the legislature by a curative act to ratify and render legal the election already held in the district. In our judgment, under the authorities, the curative act in question is valid and binding upon the officials of this district.

The judgment of the circuit court will therefore be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*