(No. 11599.—Judgment affirmed.)

THE PEOPLE *ex rel.* Thomas Ferris *et al.* Appellants, *vs.* JOHN H. ADER *et al.* Appellees.

*Opinion filed December 19, 1917.*

SCHOOLS—*whether high school district is contiguous and compact is for the court to determine from petition.* Whether, under the validating act of 1917, the territory comprising a high school district is contiguous and compact is a fact to be determined by the court from an inspection of the organization petition, in which the territory is described; and on an appeal from an order dismissing a petition for leave to file an information in the nature of *quo warranto* attacking the organization of the district, it will be presumed, where the abstract of record does not contain the description, that the trial court correctly found the territory was contiguous and compact.

APPEAL from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

WAYNE H. DYER, State's Attorney, (ROBILLARD, ROBILLARD & HENRY, of counsel,) for appellants.

C. M. CLAY BUNTAIN, and WERNER W. SCHROEDER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 15, 1917, the State's attorney of Kankakee county filed his petition in the circuit court for leave to file an information in the nature of *quo warranto* requiring the appellees to answer to the People by what authority they claimed to hold and execute the offices and franchise of president and board of education of a pretended high school district described in the affidavit attached to the petition. The affidavit made by two tax-payers stated that on November 13, 1915, a petition for the organization of the high school district, purporting to be signed by fifty different persons, was filed in the office of the county superintendent of schools; that the petition did not allege that the same was signed by at least fifty legal voters of the territory therein described nor that the territory of the proposed district was contiguous and compact, and did not call for an election to vote for or against establishing the high school district. The affidavit stated as matters of fact that much of the territory was not tributary to the village of Chebanse, where the high school was proposed to be located, but was tributary to other villages surrounding the same and was therefore unreasonable in extent; that the territory was not contiguous and compact; that an election was held under the petition, and upon a canvass of the votes it was declared that the proposition to organize the district was carried; that an election was thereafter held, and the appellees were elected members of the board of education and were acting as such and levying taxes for the support of the school. A copy of the petition for the organization of the high school district containing a description of the territory was annexed to the petition for leave to file the informa-

tion, but the abstract contains only the first part of the petition, praying the superintendent of schools to call an election to create the territory described in the petition into a high school district, and omits the description of the lands and territory. The court set the petition for hearing on June 23, 1917, and ordered notice given to the appellees. Upon a hearing the court denied leave to file the information, and this appeal was prosecuted from that order.

On June 14, 1917, before the petition was filed, an act of the General Assembly became a law which made legal and valid every high school district where a majority of the inhabitants of any contiguous and compact territory voting · on the proposition at an election called for the purpose by a county superintendent of schools had voted in favor of the organization of the territory into a high school district, and declared every such district to be a valid and existing district and the board of education acting for such district to be the legally constituted corporate authority thereof. This act was within the power of the General Assembly, and its effect was to make the high school district in question a valid and legal district and the appellees a legal board of education of such district provided the district came within the terms of the act, the requirements of which were that the territory should be contiguous and compact and that a majority of the inhabitants had voted in favor of the organization of the territory into a high school district at an election called for the purpose by the county superintendent of schools. (*People* v. *Stitt,* 280 Ill. 553.) The only particular in which it was stated in the affidavit that the territory did not comply with the validating act was that the territory was not contiguous and compact, which was a fact to be determined by the court upon an inspection of the petition in which the territory and lands were described. The order of the court is presumed to be correct, and to overcome that presumption it is necessary to show that the fact was different from the conclusion of the court. Pre-

sumably the court found that the territory described in the petition was contiguous and compact, and the contrary was not shown by the abstract, which omits entirely all description of the territory and lands.

The judgment is affirmed.

*Judgment affirmed.*

---

(No. 11643.—Reversed and remanded.)
JAMES LINGLE, Appellant, *vs.* THE CLEAR CREEK DRAINAGE AND LEVEE DISTRICT *et al.* Appellees.

*Opinion filed December 19, 1917.*