(No. 12097.—Reversed and remanded.)

THE PEOPLE *ex rel.* S. D. Burton, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed October 21, 1918.*

1. TAXES—*judgment should be against right of way in taxing district, only.* A judgment for delinquent taxes against the right of way of a railroad company should be against the right of way in the taxing district, only.

2. CONSTITUTIONAL LAW—*title of the high school curative act is broad enough to cover the provisions of the act.* The title of the high school curative act of June 14, 1917, is broad enough to cover the provisions of the act, including those of section 2.

APPEAL from the County Court of Moultrie county; the Hon. JOHN T. GRIDER, Judge, presiding.

E. J. MILLER, (J. L. MINNIS, and N. S. BROWN, of counsel,) for appellant.

C. R. PATTERSON, State's Attorney, (MARION WATSON, J. W. & E. C. CRAIG, J. L. McLAUGHLIN, and PAUL HEINEKE, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The county court of Moultrie county overruled the objections of the Wabash Railway Company, the appellant, to the application of the county collector for judgment and an order of sale for delinquent taxes of Sullivan Township High School District No. 100 and rendered judgment according to the application. The objections questioned the validity of the High School act of 1911, under which this high school district was organized and which was held unconstitutional in *People* v. *Weis,* 275 Ill. 581, and asserted that the board of education had no authority to levy the taxes claimed to be delinquent. While the case was pending on objections the curative act of June 14, 1917, was passed, and thereafter the county court overruled the objections and rendered judgment.

While appellant concedes that this court has passed generally upon the constitutionality of the curative act, it contends that we have not passed upon the point that section 2 of the act is broader than its title and is therefore not valid. This question was raised and decided in *People* v. *Stitt,* 280 Ill. 553, where it was held that the title was broad enough to cover all the provisions of the curative act.

By the judgment rendered a sale of the property of appellant described in the application for judgment was decreed. The application for judgment described appellant's right of way as commencing at the northern boundary line

of Moultrie county and extending to the southern boundary line of the county. The judgment should be only against the right of way in the school district.

The judgment is reversed and the cause is remanded, with directions to the county court to render a judgment against the property of the appellant in the school district.

*Reversed and remanded, with directions.*